UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

GODFRED AYEH,

          Plaintiff,

vs.

AMCOR RIGID PACKAGING USA, LLC,

          Defendant.

Hon.

Case No.

Removed from the Court of Common Pleas,
Franklin County, Ohio (Case No. 20cv-08-
5787)

                                                                              /

## NOTICE OF REMOVAL

Defendant Amcor Rigid Packaging USA, LLC ("Amcor" or "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to the United States District Court for the Southern District of Ohio, the state court action described below.  As grounds for removal, Amcor states as follows:

1.      This case was commenced by Plaintiff, Godfred Ayeh ("Plaintiff"), in the Court of Common Pleas of Franklin County, Ohio, Case No. 20cv-08-5787.  A true and correct copy of the Complaint filed in the state court ("Complaint") is attached as Exhibit A.

2.      The Complaint arises out of Amcor's termination of Plaintiff's employment and alleges retaliatory discrimination in alleged violation of Ohio Revised Code Section 4112.01 (Count I), race discrimination in alleged violation of Ohio Revise Code Section 4112.01 (Count II), and national origin discrimination in alleged violation of Ohio Revised Code Section 4112.01 (Count III).

3.      A copy of the Complaint was served on Amcor on September 8, 2020.

4.      The attached Exhibit A includes all of the process, pleadings, and orders received by Amcor in this matter.

5.      Although Amcor disputes any liability to Plaintiff, Amcor expressly incorporates the allegations contained in the Complaint attached hereto as part of Exhibit A for the purpose of demonstrating the propriety of removal.

**Diversity Jurisdiction Under 28 U.S.C. § 1332(A)(1) and (C)**

**a. Diversity of Citizenship Exits**

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      Upon information and belief, Plaintiff is, and was at the commencement of this action, an individual who resides in Ohio. (See Complaint, ¶ 1).

8.      Diversity of citizenship exists since Defendant is, and was at the commencement of this action, a citizen of the states of Delaware, Michigan, New Jersey, Florida and California. See, Affidavit of Jennifer Bourgoin, filed in support hereof as Exhibit B.

9.      Specifically, Amcor Rigid Packaging USA, LLC is, and was at the commencement of this action, a Delaware limited liability company with its headquarters in Ann Arbor, Michigan, and is and was a citizen of the states of Delaware and Michigan and of no other states. *Id.* ¶ 4.

10.      In addition, since limited liability companies are also citizens of every state of which any member is a citizen, the citizenship of the members Defendant is as follows:

11.      Amcor Rigid Packaging USA, LLC's sole member is Amcor Pharmaceutical Packaging USA, LLC, who is, and was at the commencement of this action, a New Jersey

2

Limited Liability Company with its headquarters and principal place of business in Ann Arbor, Michigan, and is and was a citizen of the states of New Jersey and Michigan and of no other states. *Id.* ¶ 4-5.

12.     Amcor Pharmaceutical Packaging USA, LLC's sole member is Twinpak (USA) LLC who is, and was at the commencement of this action, a Delaware Limited Liability Company with its headquarters and principal place of business in Miramar, Florida, and is and was a citizen of the states of Delaware and Florida and of no other states.  *Id.* ¶ 5-6.

13.     Twinpak (USA) LLC's sole member is Amcor Packaging (USA) Inc., who is, and was at the commencement of this action, a California Corporation with its headquarters and principal place in Miramar, Florida, and is and was a citizen of the states of California and Florida and of no other states. *Id.* ¶ 7-8.

14.     Accordingly, diversity of citizenship exists for purposes of removal under 28 §1332(a)(1) and (c) because Plaintiff and Defendants are citizens of different states.

**b. The Amount in Controversy Exceeds $75,000**

15.     Although Amcor disputes that it is liable in any manner, the amount in controversy in this matter exceeds $75,000, exclusive of costs, interest and attorney fees, and meets the requirements of 28 U.S.C. §1332(a) as Plaintiff seeks damages for compensatory and monetary damages to compensate Plaintiff for alleged physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, punitive damages, and attorneys' fees and costs.  See Complaint at p. 15.  Therefore, although Defendant disputes that it is liable in any manner, the amount in dispute exceeds the $75,000 threshold amount.

16.     As such, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

**All Procedural Requirements for Removal Have Been Satisfied**

17.     Amcor received a copy of Plaintiff's Complaint on September 8, 2020.  As such, this Notice of Removal is timely because it is being filed within thirty (30) days after Amcor received the Complaint.  *See*  28 U.S.C. § 1446.

18.     Pursuant to 28 U.S.C. § 1446(d), Amcor is serving written notice on Plaintiff of the filing of this Notice of Removal, and will serve and file Notice of Filing Notice of Removal, a copy of which is attached as Exhibit C, and a true and correct copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Franklin County Ohio.

19.     As required by 28 U.S.C. § 1446(a), Amcor has attached copies of all state court process and pleadings to this Notice of Removal.  *See* Exhibit A.

20.     Amcor has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of its right of removal.

21.     By removing the above-captioned case to this Court, Amcor does not waive any of its available defenses.

22.     In accordance with 28 U.S.C. § 1441(a), venue of the removed action lies in the United States District Court for the Southern District of Ohio, because the state court action was filed within this judicial district.

23.     This Notice has been signed by the undersigned pursuant to Federal Rules of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Amcor prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Court of Common Pleas of Franklin County, Ohio into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of

4

all records and proceedings in such civil action as if it had been originally commenced in this

Court.

                                        Respectfully submitted,

                                        **FOLEY & LARNDER**


                                        */s/ Lauren D. Kerr*
                                        Lauren D. Kerr
                                        100 North Tampa Street, Suite 2700
                                        Tampa, FL 33602-5810
                                        Phone: (813) 225-5447
                                        lkerr@foley.com

                                        FOLEY & LARDNER LLP
                                        John F. Birmingham, Jr. (phv anticipated)
                                        Felicia O'Connor (phv anticipated)
                                        500 Woodward Avenue, Suite 2700
                                        Detroit, MI 48226-3489
                                        313.234.7100 (Telephone)
                                        313.234.2800 (Facsimile)
                                        jbirmingham@foley.com
                                        foconnor@foley.com
                                        Attorneys for Defendant

Dated:  October 2, 2020

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 2, 2020, I caused to be filed Defendant's Notice of Removal and this Certificate of Service using the ECF system. A copy is being served via Overnight Delivery to the Clerk of the Court of Common Pleas of Franklin County, Ohio and to opposing counsel via Overnight Delivery at the address set forth below:

THE SPITZ LAW FIRM, LLC
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
1103 Schrock Road, Suite 307
Columbus, OH 43229

*/s/ Lauren D. Kerr*
Lauren D. Kerr

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/08/2020
CT Log Number 538215536

TO: Jennifer Bourgoin
Amcor Rigid Plastics USA
935 Technology Dr Ste 100
Ann Arbor, MI 48108-8964

RE: **Process Served in Ohio**

FOR: Amcor Rigid Packaging USA, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GODFRED AYEH, PLTF. vs. AMCOR RIGID PACKAGING USA, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV085787 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/08/2020 postmarked on 09/03/2020 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780123729478<br><br>Image SOP<br><br>Email Notification, Donna Moyer donna.moyer@amcor.com<br><br>Email Notification, Donna Moyer donna.moyer@amcor.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of 1 / KN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579



CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8901 1952 2805 9658 82



U.S. POSTAGE >> PITNEY BOWES

ZIP 43215 $ 006.65⁰
02 4W
0000361018 SEP 03 2020

20CV-08-5787    H    ADDR: 1
97085    PAUL FILIPPELLI

F O R W A R D I N G    S E R V I C E    R E Q U E S T E D

AYEH
AMCOR RIGID PACKAGING USA
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH
43219



4321920CV05787AYEH

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

GODFRED AYEH
5477 PALMIRA WAY APT D
COLUMBUS, OH 43231,

            PLAINTIFF,
           VS.
AMCOR RIGID PACKAGING USA LLC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH 43219,
           DEFENDANT.

20CV-08-5787
CASE NUMBER

**** SUMMONS ****        08/31/20

TO THE FOLLOWING NAMED DEFENDANT:
      AMCOR RIGID PACKAGING USA LLC
      C/O CT CORPORATION SYSTEM
      4400 EASTON COMMONS WAY
      SUITE 125
      COLUMBUS, OH 43219

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    GODFRED AYEH
      5477 PALMIRA WAY APT D
      COLUMBUS, OH 43231,

                          PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
      PAUL FILIPPELLI
      THE SPITZ LAW FIRM LLC
      SUITE 200
      470 OLDE WORTHINGTON RD
      WESTERVILLE, OH 43082

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                                   (CIV370-S03)



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE K. COCROFT

GODFRED AYEH,

        PLAINTIFF,

                    20CV-08-5787

    VS.                 CASE NUMBER

AMCOR RIGID PACKAGING USA LLC,

        DEFENDANT.

CLERK'S ORIGINAL CASE SCHEDULE
-------------------------------

LATEST TIME
OF OCCURRENCE

| | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 08/31/20 |
| INITIAL STATUS CONFERENCE | ******** |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 01/18/21 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 03/15/21 |
| DISPOSITIVE MOTIONS | 06/07/21 |
| DISCOVERY CUT-OFF | 06/21/21 |
| DECISIONS ON MOTIONS | 08/02/21 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 08/16/21 0930AM |
| TRIAL ASSIGNMENT | 08/30/21 0900AM |

NOTICE TO ALL PARTIES
---------------------

    ALL ATTORNEYS AND PARTIES SHOULD MAKE THEMSELVES FAMILIAR WITH THE
COURT'S LOCAL RULES, INCLUDING THOSE REFERRED TO IN THIS CASE SCHEDULE.
IN ORDER TO COMPLY WITH THE CLERK'S CASE SCHEDULE, IT WILL BE NECESSARY
FOR ATTORNEYS AND PARTIES TO PURSUE THEIR CASES VIGOROUSLY FROM THE DAY
THE CASES ARE FILED.  DISCOVERY MUST BE UNDERTAKEN PROMPTLY IN ORDER TO
COMPLY WITH THE DATES LISTED IN THE RIGHT-HAND COLUMN.

                    BY ORDER OF THE COURT OF COMMON PLEAS,
                    FRANKLIN COUNTY, OHIO

__/__/__
DATE                    _____
                        MARYELLEN O'SHAUGHNESSY, CLERK

                                        (CIV363-S10)

## MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

CASE TITLE: GODFRED AYEH -VS- AMCOR RIGID PACKAGING USA    CASE NUMBER: 20CV005787
LLC

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
AMCOR RIGID PACKAGING USA LLC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH  43219

---

JUVENILE CITATIONS ONLY:

   HEARING TYPE:

   __ Date already scheduled at : Courtroom:

---

**Electronically Requested by:**  PAUL FILIPPELLI
**Attorney for:**

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| GODFRED AYEH<br>5477 Palmira Way, Apt. D<br>Columbus, Ohio 43231, | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| AMCOR RIGID PACKAGING USA, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219, | ) ) ) ) ) ) | **JURY DEMAND ENDORSED<br>HEREIN** |
| Defendant. | ) ) | |

Plaintiff, Godfred Ayeh, by and through undersigned counsel, as his Complaint against Defendant Amcor Rigid Packaging USA, LLC ("Amcor"), states and avers the following:

### PARTIES AND VENUE

1. Ayeh is a resident of the city of Columbus, Franklin County, Ohio.

2. At all times herein, Ayeh was acting in the course and scope of his employment.

3. Amcor is a foreign corporation that does business at 444 McCormick Boulevard, Columbus, Franklin County, Ohio 43213.

4. Amcor is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. All of the material events alleged in this Complaint occurred in Franklin County, Ohio.

6. Personal jurisdiction is proper over Amcor pursuant to R.C. § 2307.382(A)(1) and (4).

7. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).



The Employee's Attorney.™

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

9. Ayeh is a former employee of Amcor.

10. On or about August 9, 2018, Ayeh began working for Amcor.

11. Ayeh initially worked for Amcor as a temporary employee.

12. Ayeh initially worked in Amcor's packing department.

13. Ayeh is originally from Ghana.

14. Ayeh's race is African.

15. English is the official language of Ghana.

16. English is Ayeh's first language.

17. Ayeh has a Ghanaian accent.

18. At all times herein, Amcor knew about Ayeh's national origin.

19. At all times herein, Amcor knew about Ayeh's race.

20. In or about October 2018, Ayeh noticed that Amcor promoted temporary employees from French-speaking African countries to permanent status faster than temporary employees from English-speaking African countries.

21. Amcor promoted temporary employees from French-speaking African countries to permanent status faster than temporary employees from English-speaking African countries ("Francophone Favoritism").

22. In or about October 2018, Ayeh noticed that Amcor promoted Caucasian temporary employees to permanent status faster than African and African-American temporary employees.

The Employee's Attorney.™



23. Amcor promoted Caucasian temporary employees to permanent status faster than African and African-American temporary employees ("Caucasian Favoritism").

24. The Francophone Favoritism constituted discrimination on the basis of national origin.

25. The Caucasian Favoritism constituted discrimination on the basis of race.

26. In or about October 2018, Ayeh complained to one of his supervisors, Kevin (Last Name Unknown), about the Francophone Favoritism and Caucasian Favoritism ("October 2018 Report to Kevin").

27. Kevin LNU is Caucasian.

28. Kevin LNU was born in the United States.

29. In or about October 2018, Ayeh complained to one of his supervisors, Keith (Last Name Unknown), about the Francophone Favoritism and Caucasian Favoritism ("October 2018 Report to Keith").

30. Keith LNU is Caucasian.

31. Keith LNU was born in the United States.

32. In or about October 2018, Ayeh complained to a human resources representative, Tammy (Last Name Unknown), about the Francophone Favoritism and Caucasian Favoritism ("October 2018 Report to Tammy").

33. Tammy LNU is Caucasian.

34. Tammy LNU was born in the United States.

35. In or about November 2018, Amcor promoted Barry (Last Name Unknown) from temporary packing employee to permanent status.

36. Barry LNU started working for Amcor as a temporary employee after Ayeh.

37. Barry LNU had the same attendance record as Ayeh.



38. Barry LNU had a comparable performance record to Ayeh.

39. Barry LNU is from Burkina Faso.

40. Burkino Faso's official language is French.

41. Barry LNU has a different national origin than Ayeh.

42. Amcor gave Barry LNU permanent status before Ayeh because of national origin.

43. In or about November 2018, Ayeh complained to Kevin LNU about the Francophone Favoritism and Caucasian Favoritism ("November 2018 Report to Kevin").

44. In or about November 2018, Ayeh complained to Keith LNU about the Francophone Favoritism and Caucasian Favoritism ("November 2018 Report to Keith").

45. In or about November 2018, Ayeh complained to Tammy LNU about the Francophone Favoritism and Caucasian Favoritism ("November 2018 Report to Tammy").

46. In or about December 2018, Ayeh complained to Kevin LNU about the Francophone Favoritism and Caucasian Favoritism ("December 2018 Report to Kevin").

47. In or about December 2018, Ayeh complained to Keith LNU about the Francophone Favoritism and Caucasian Favoritism ("December 2018 Report to Keith").

48. In or about December 2018, Ayeh complained to Tammy LNU about the Francophone Favoritism and Caucasian Favoritism ("December 2018 Report to Tammy").

49. Hereinafter, the October 2018 Report to Kevin, the October 2018 Report to Keith, the October 2018 Report to Tammy, the November 2018 Report to Kevin, the November 2018 Report to Keith, the November 2018 Report to Tammy, the December 2018 Report to Kevin, the December 2018 Report to Keith, and the December 2018 Report to Tammy are collectively called the "2018 Discrimination Reports."

50. In the 2018 Discrimination Reports, Ayeh opposed national origin discrimination.

The Employee's Attorney.™



51. In the 2018 Discrimination Reports, Ayeh opposed race discrimination.

52. Amcor has a policy against discrimination ("Discrimination Policy").

53. Amcor's Discrimination Policy precludes retaliation against employees who complain about discrimination.

54. Alternatively, retaliation against employees who complain about discrimination is permitted by Amcor.

55. Amcor's Discrimination Policy precludes intimidation against employees who complain about discrimination.

56. Alternatively, intimidation against employees who complain about discrimination is permitted by Amcor.

57. Amcor's Discrimination Policy requires employees to report what they reasonably believe is a violation of the Discrimination Policy.

58. Amcor's Discrimination Policy precludes retaliation against employees who report a violation of the Discrimination Policy.

59. Alternatively, retaliation against employees who report a violation of the Discrimination Policy is permitted by Amcor.

60. Amcor's Discrimination Policy precludes intimidation against employees who report a violation of the Discrimination Policy.

61. Alternatively, intimidation against employees who report a violation of the Discrimination Policy is permitted by Amcor.

62. The Francophone Favoritism violates the Discrimination Policy.

63. The Caucasian Favoritism violates the Discrimination Policy.

64. Amcor has a policy to investigate reports of violations of its Discrimination Policy.



0F226 - 026
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 31 3:57 PM-20CV005787
Case: 2:20-cv-05208-ALM-EPD Doc #: 1 Filed: 10/02/20 Page: 18 of 34 PAGEID #: 18

65. An investigation should include interviewing the complainant.

66. An investigation should include interviewing the subject of the complaint.

67. An investigation should include interviewing the subject of the reported discrimination.

68. An investigation should include interviewing witnesses to the reported discrimination.

69. An investigation should include getting a written statement from the complainant.

70. An investigation should include getting a written statement from the subject of the complaint.

71. An investigation should include getting a written statement from the subject of the reported discrimination.

72. In response to Ayeh's 2018 Discrimination Reports, Amcor did not interview Ayeh.

73. In response to Ayeh's 2018 Discrimination Reports, Amcor did not interview Kevin LNU.

74. In response to Ayeh's 2018 Discrimination Reports, Amcor did not interview Keith LNU.

75. In response to Ayeh's 2018 Discrimination Reports, Amcor did not interview Tammy LNU.

76. In response to Ayeh's 2018 Discrimination Reports, Amcor did not interview witnesses.

77. In response to Ayeh's 2018 Discrimination Reports, Amcor did not get a written statement from Ayeh.

78. In response to Ayeh's 2018 Discrimination Reports, Amcor did not get a written statement from Kevin LNU.

79. In response to Ayeh's 2018 Discrimination Reports, Amcor did not get a written statement from Keith LNU.

80. In response to Ayeh's 2018 Discrimination Reports, Amcor did not get a written statement from Tammy LNU.

81. In response to Ayeh's 2018 Discrimination Reports, Amcor did not get a written statement from witnesses.



82. Amcor did not investigate Ayeh's 2018 Discrimination Reports.

83. In or about December 2018, Amcor transferred Ayeh from the packing department to the material handling department.

84. Amcor paid Ayeh's similarly-situated non-Nigerian coworkers in the material handling department $16 per hour.

85. Amcor paid Ayeh $12.35 per hour for his work in the material handling department.

86. Amcor paid Ayeh less than his similarly-situated non-Nigerian coworkers ("Pay Discrimination").

87. Amcor committed the Pay Discrimination knowingly.

88. Amcor committed the Pay Discrimination willfully.

89. Amcor committed the Pay Discrimination intentionally.

90. The Pay Discrimination was an adverse employment action.

91. The Pay Discrimination was an adverse action.

92. Amcor committed the Pay Discrimination because of Ayeh's national origin.

93. Amcor committed the Pay Discrimination because of Ayeh's race.

94. Amcor committed the Pay Discrimination because of Ayeh's 2018 Discrimination Reports.

95. Amcor committed the Pay Discrimination because Ayeh opposed unlawful discrimination.

96. In or about May 2019, Ayeh complained to Tammy LNU about the Pay Discrimination.

97. In or about May 2019, Ayeh complained to Tammy LNU about the Francophone Favoritism.

98. In or about May 2019, Ayeh complained to Tammy LNU about the Caucasian Favoritism.

99. In or about May 2019, Ayeh complained to Kevin LNU about the Pay Discrimination.

100. In or about May 2019, Ayeh complained to Kevin LNU about the Francophone Favoritism.

101. In or about May 2019, Ayeh complained to Kevin LNU about the Caucasian Favoritism.

The Employee's Attorney.℠



0F226 - 028
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 31 3:57 PM-20CV005787
Case: 2:20-cv-05208-ALM-EPD Doc #: 1 Filed: 10/02/20 Page: 20 of 34 PAGEID #: 20

102. On or about June 20, 2019, Tammy LNU and Kevin LNU gave Ayeh a document that they purported was a record of his attendance ("False Record").

103. The False Record included several dates on which Amcor alleged Ayeh was late to work.

104. The False Record was inaccurate.

105. Tammy LNU knew that the False Record was inaccurate.

106. Kevin LNU knew that the False Record was inaccurate.

107. Amcor gave Ayeh the False Record willfully.

108. Amcor gave Ayeh the False Record intentionally.

109. Amcor's giving Ayeh the False Record was an adverse action.

110. Amcor's giving Ayeh the False Record was an adverse employment action.

111. Amcor gave Ayeh the False Record in retaliation for his complaints about discrimination.

112. Amcor gave Ayeh the False Record because of his national origin.

113. Amcor gave Ayeh the False Record because of his race.

114. On or about June 27, 2019, Ayeh sent a letter to Amcor, complaining about the discrimination and retaliation he was facing ("June 2019 Discrimination Report").

115. In or about December 2019, Jim (Last Name Unknown) became Ayeh's supervisor.

116. Jim LNU is Caucasian.

117. Jim LNU made Ayeh do Caucasian colleagues' work for them and threatened to terminate him for insubordination if he refused ("Discriminatory Treatment").

118. Jim LNU did not make Caucasian employees do other employees' work.

119. On or about January 2, 2020, Jim LNU suspended Ayeh for refusing to sweep for John (Last Name Unknown).

120. John LNU was one of Ayeh's Caucasian colleagues.

The Employee's Attorney.℠



121. On or about January 14, 2020, Ayeh sent a letter to Amcor, complaining about the discrimination he was facing from Jim LNU ("January 2020 Discrimination Report").

122. In response to Ayeh's January 2020 Discrimination Report, Amcor did not interview Ayeh.

123. In response to Ayeh's January 2020 Discrimination Report, Amcor did not interview Jim LNU.

124. In response to Ayeh's January 2020 Discrimination Report, Amcor did not interview witnesses.

125. In response to Ayeh's January 2020 Discrimination Report, Amcor did not get a written statement from Ayeh.

126. In response to Ayeh's January 2020 Discrimination Report, Amcor did not get a written statement from Jim LNU.

127. In response to Ayeh's January 2020 Discrimination Report, Amcor did not get a written statement from witnesses.

128. Amcor did not investigate Ayeh's January 2020 Discrimination Report.

129. Amcor did not give Jim LNU a verbal warning in response to Ayeh's January 2020 Discrimination Report.

130. Amcor did not give Jim LNU a written warning in response to Ayeh's January 2020 Discrimination Report.

131. Amcor did not give Jim LNU a final warning in response to Ayeh's January 2020 Discrimination Report.

132. Amcor did not give Jim LNU a suspension in response to Ayeh's January 2020 Discrimination Report.

The Employee's Attorney.™



133. Amcor did not give Jim LNU a demotion in response to Ayeh's January 2020 Discrimination Report.

134. Amcor did not discipline Jim LNU at all in response to Ayeh's January 2020 Discrimination Report.

135. In his January 2020 Discrimination Report, Ayeh requested to be moved from Shift D to Shift B because of the discrimination ("Transfer Request").

136. Shift D is one of Amcor's night shifts.

137. Jim LNU was a supervisor on Shift D.

138. Shift B is one of Amcor's night shifts.

139. Shift B and Shift D work on different nights.

140. If Amcor had placed Ayeh on Shift B, Ayeh would not work with Jim LNU.

141. Amcor refused Ayeh's Transfer Request.

142. After the January 2020 Discrimination Report, Amcor required Ayeh to continue reporting to Jim LNU.

143. Assembly operators at Amcor are usually assisted by a packer.

144. On multiple occasions after the January 2020 Discrimination Report, Jim LNU required Ayeh to work without a packer ("Withholding a Packer").

145. It was impossible for Ayeh to do his job correctly without a packer.

146. Jim LNU did not require any other assembly operators other than Ayeh to work without a packer.

147. Jim LNU committed the Withholding a Packer because of Ayeh's national origin.

148. Jim LNU committed the Withholding a Packer because of Ayeh's race.

149. Jim LNU committed the Withholding a Packer because of Ayeh's opposition to discrimination.



150. When Jim LNU attempted to make Ayeh perform impossible tasks, Ayeh left and contacted human resources ("HR") representative J.R. (Last Name Unknown) to report the discrimination ("Packer Reports").

151. Amcor took no action to stop Jim LNU's Withholding a Packer.

152. In response to Ayeh's Packer Reports, Amcor did not interview Ayeh.

153. In response to Ayeh's Packer Reports, Amcor did not interview Jim LNU.

154. In response to Ayeh's Packer Reports, Amcor did not interview witnesses.

155. In response to Ayeh's Packer Reports, Amcor did not get a written statement from Ayeh.

156. In response to Ayeh's Packer Reports, Amcor did not get a written statement from Jim LNU.

157. In response to Ayeh's Packer Reports, Amcor did not get a written statement from witnesses.

158. Amcor did not investigate Ayeh's Packer Reports.

159. Amcor did not give Jim LNU a verbal warning in response to Ayeh's Packer Reports.

160. Amcor did not give Jim LNU a written warning in response to Ayeh's Packer Reports.

161. Amcor did not give Jim LNU a final warning in response to Ayeh's Packer Reports.

162. Amcor did not give Jim LNU a suspension in response to Ayeh's Packer Reports.

163. Amcor did not give Jim LNU a demotion in response to Ayeh's Packer Reports.

164. Amcor did not terminate Jim LNU's employment in response to Ayeh's Packer Reports.

165. Amcor did not discipline Jim LNU at all in response to Ayeh's Packer Reports.

166. On or about March 31, 2020, Amcor terminated Ayeh's employment ("Termination").

167. J.R. LNU informed Ayeh about the Termination.

168. J.R. LNU alleged that the reason for the Termination was Ayeh's attendance ("Termination Excuse").

169. The Termination Excuse had no basis in fact.



170. The Termination Excuse was not the real reason for the Termination.

171. The Termination Excuse was not a sufficient basis to justify the Termination.

172. The Termination Excuse was pretextual.

173. Even if Amcor gave Ayeh disciplinary points for each time he left the department to contact HR, Godfred had significantly fewer disciplinary points than some of his Caucasian coworkers.

174. Amcor did not terminate Ayeh's similarly-situated non-Ghanaian coworkers who had as many or more disciplinary points than Ayeh.

175. Amcor did not terminate Ayeh's similarly-situated Caucasian coworkers who had as many or more disciplinary points than Ayeh.

176. The Termination was an adverse action.

177. The Termination was an adverse employment action.

178. On or about March 31, 2020, Amcor gave Ayeh the Termination because of his national origin.

179. On or about March 31, 2020, Amcor gave Ayeh the Termination because of his race.

180. On or about March 31, 2020, Amcor gave Ayeh the Termination because of his opposition to unlawful discrimination.

181. As a direct and proximate result of Amcor's conduct, Ayeh suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT I: RETALIATORY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

182. Ayeh restates each and every prior paragraph of this complaint, as if it were fully restated herein.

183. As a result of Amcor's discriminatory conduct described above, Ayeh complained about the discrimination he was experiencing.

The Employee's Attorney.℠



184. Subsequent to Ayeh's reporting of discrimination, Amcor committed the Pay Discrimination.

185. Subsequent to Ayeh's reporting of discrimination, Amcor gave Ayeh the False Record.

186. Subsequent to Ayeh's reporting of discrimination, Amcor committed the Discriminatory Treatment.

187. Subsequent to Ayeh's reporting of discrimination, Amcor committed the Withholding a Packer.

188. Subsequent to Ayeh's reporting of discrimination, Amcor gave Ayeh the Termination.

189. Amcor's actions were retaliatory in nature based on Ayeh's opposition to the unlawful discriminatory conduct.

190. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

191. As a direct and proximate result of Amcor's conduct, Ayeh suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

192. Ayeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

193. Throughout his employment, Ayeh was fully competent to perform his essential job duties.

194. Amcor treated Ayeh differently than other similarly-situated employees based on his race.

195. Amcor violated R.C. § 4112.02(A) *et seq.* by discriminating against Ayeh due to his race.

196. On or about March 31, 2020, Amcor terminated Ayeh without just cause.

197. At all times material herein, similarly-situated non-African employees were not terminated without just cause.

198. Amcor terminated Ayeh based on his race.

The Employee's Attorney.™



199. Amcor violated R.C. § 4112.01 *et seq.* when it terminated Ayeh based on his race.

200. As a direct and proximate result of Amcor's conduct, Ayeh has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

201. Ayeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

202. Throughout his employment, Ayeh was fully competent to perform his essential job duties.

203. Amcor treated Ayeh differently than other similarly-situated employees based on his national origin.

204. Amcor violated R.C. § 4112.02(A) *et seq.* by discriminating against Ayeh due to his national origin.

205. On or about March 31, 2020, Amcor terminated Ayeh without just cause.

206. At all times material herein, similarly-situated non-Ghanaian employees were not terminated without just cause.

207. Amcor terminated Ayeh based on his national origin.

208. Amcor violated R.C. § 4112.01 *et seq.* when it terminated Ayeh based on his national origin.

209. As a direct and proximate result of Amcor's conduct, Ayeh has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Ayeh respectfully requests that this Honorable Court grant the following relief:

The Employee's Attorney.™



0F226 - U33
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 31 3:57 PM-20CV005787
Case: 2:20-cv-05268-ALM-EPD Doc #: 1-1 Filed: 10/02/20 Page: 27 of 34 PAGEID #: 27

(a) Issue an order requiring Amcor retroactively to restore Ayeh to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Amcor of compensatory and monetary damages to compensate Ayeh for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Amcor in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Ayeh's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Paul Filippelli
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Godfred Ayeh*

## JURY DEMAND

Plaintiff Ayeh demands a trial by jury by the maximum number of jurors permitted.

/s/ Paul Filippelli
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

15



# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

GODFRED AYEH,                                          Hon.

      Plaintiff,                                      Case No.

vs.                                                    Removed from the Court of Common Pleas,
                                                       Franklin County, Ohio (Case No. 20cv-08-
AMCOR RIGID PACKAGING USA, LLC,                        5787)

      Defendant.                                                                                    /

| | |
|---|---|
| THE SPITZ LAW FIRM, LLC | FOLEY & LARDNER LLP |
| Trisha Breedlove (0095852) | John F. Birmingham, Jr. (phv anticipated) |
| Paul Filippelli (0097085) | Felicia O'Connor (phv anticipated) |
| 1103 Schrock Road, Suite 307 | 500 Woodward Avenue, Suite 2700 |
| Columbus, OH 43229 | Detroit, MI 48226-3489 |
| Tel: (216) 291-4744 | Tel: (313) 234-7100 |
| Fax: (216) 291-5744 | Fax: 313) 234-2800 |
| Trisha.breedlove@spitzlawfirm.com | jbirmingham@foley.com |
| Paul.filippelli@spitzlawfirm.com | foconnor@foley.com |
| Attorney for Plaintiff | Attorneys for Defendant |
| | |
| | FOLEY & LARDNER LLP |
| | Lauren D. Kerr |
| | 100 North Tampa Street, Suite 2700 |
| | Tampa, FL 33602-5810 |
| | P 813.225.5447 |
| | lkerr@foley.com |

                                                                       /

## AFFIDAVIT OF JENNIFER BOURGOIN

I, Jennifer Bourgoin, state as follows:

1.     I competent to testify as to the factual information set forth in this declaration.

2.     I am the Vice President and General Counsel of Amcor Rigid Packaging USA,

LLC which is the named Defendant in this lawsuit.

3.      I make this declaration on the basis of my personal knowledge and my review of the business records of Amcor Rigid Packaging USA, LLC and Amcor Packaging (USA) Inc.

4.      Amcor Rigid Packaging USA, LLC is, and was at the commencement of this action, a Delaware limited liability company with its headquarters in Ann Arbor, Michigan. Amcor Rigid Packaging USA, LLC's sole member is Amcor Pharmaceutical Packaging USA, LLC, who is, and was at the commencement of this action, a New Jersey Limited Liability Company with its headquarters and principal place of business in Ann Arbor, Michigan.

5.      Amcor Pharmaceutical Packaging USA, LLC's sole member is Twinpak (USA) LLC who is, and was at the commencement of this action, a Delaware Limited Liability Company with its headquarters and principal place of business in Miramar, Florida.

6.      Twinpak (USA) LLC's sole member is Amcor Packaging (USA) Inc., who is, and was at the commencement of this action, a California Corporation with its headquarters and principal place in Miramar, Florida.

7.      I state under the penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me

this 30ᵗʰ day of September, 2020.

_Gail Ann Ray_

Notary Public

Gail Ann Ray
Notary Public of Michigan
Jackson County
Expires 01/11/2024
Acting in the County of Washtenaw

_Jennifer Bourgoin_
Jennifer Bourgoin
Amcor Rigid Packaging USA, LLC

September 30, 2020
Date

2

# EXHIBIT C

IN THE COURT OF COMMON PLEAS

FRANKLIN COUNTY, OHIO

Godfred Ayeh,

        Plaintiff,

vs.

Amcor Rigid Packaging USA, LLC,

        Defendant.

Case No. 20cv-08-5787

Hon. K. Cocroft

/

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

TO:    Clerk of Court
        Court of Common Pleas, Franklin, Ohio
        373 South High Street
        Columbus, OH 43215

        THE SPITZ LAW FIRM, LLC
        Trisha Breedlove (0095852)
        Paul Filippelli (0097085)
        1103 Schrock Road, Suite 307
        Columbus, OH 43229

Please take notice that on October 2, 2020, Defendant Amcor Rigid Packaging USA, LLC ("Amcor") filed a Notice of Removal, a copy of which is attached, with the clerk of the United States District Court for the Southern District of Ohio.  A copy of Amcor's Notice of Removal is attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

**FOLEY & LARNDER**

*/s/ Lauren D. Kerr*
Lauren D. Kerr
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Phone: (813) 225-5447
LKERR@FOLEY.COM

FOLEY & LARDNER LLP
John F. Birmingham, Jr. (phv anticipated)
Felicia O'Connor (phv anticipated)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
313.234.7100 (Telephone)
313.234.2800 (Facsimile)
jbirmingham@foley.com
foconnor@foley.com
Attorneys for Defendant

Dated:  October 2, 2020

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 2, 2020, I caused a copy of Defendant's Notice of Filing Notice of Removal and this Certificate of Service to be served upon opposing counsel via email and U.S. Mail at the address set forth below:

THE SPITZ LAW FIRM, LLC
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
1103 Schrock Road, Suite 307
Columbus, OH 43229

*/s/ Lauren D. Kerr*
Lauren D. Kerr